UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AEC YIELD CAPITAL, LLC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMERICAN HOME ENERGY, INC.,<br><br>    Defendant. | Case No. 24-mc-80225-PHK<br><br>**ORDER RESOLVING DISPUTE REGARDING POSTJUDGMENT DISCOVERY REQUESTS**<br><br>Re: Dkts. 8 and 9 |

    This is a miscellaneous action brought by AEC Yield Capital, LLC and AEC Yield 51 LLC ("Judgment Creditors") seeking registration of a foreign judgment entered against Defendant American Home Energy, Inc. ("Judgment Debtor"). [Dkt. 1]. Now before the Court is a motion brought by Solid Income Limited and Constant Cash Yield III Ltd. (collectively, "Solid Income/CCY"), the successors-in-interest (the "SIIs") to the Judgment Creditors, seeking to compel discovery from the Judgment Debtor and certain third parties, pursuant to Federal Rule of Civil Procedure 69(a)(2). [Dkt. 8; Dkt. 9]. The Court finds these disputes suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

**RELEVANT BACKGROUND**

    On June 21, 2024, the United States District Court for the Eastern District of New York issued an Order granting in part and denying in part a motion for default judgment in favor of the Judgment Creditors and against the Judgment Debtor, and on June 24, 2024, the Clerk of that Court entered a judgment in favor of the Judgment Creditors against the Judgment Debtor and awarded the Judgment Creditors a total amount of $22,435,327.21 plus postjudgment interest. [Dkt. 1 at 2]. On September 6, 2024, the Judgment Creditors filed a registration of that judgment

in this Court. *Id.* at 1.

On May 12, 2025, the SIIs served written discovery requests via email on the Judgment Debtor's counsel, and on May 23, 2025, served the identical discovery requests on the Judgment Debtor's registered agent, Thomas Enzendorfer. [Dkt. 8 at 2]. The Judgment Debtor neither responded to the requests by the required deadline, nor responded to the SSIs' requests to meet and confer. *Id.* On July 9, 2025, the SSIs filed the first of two motions seeking to compel the Judgment Debtor to respond to the outstanding discovery requests, seeking a finding that objections to the discovery requests have been waived, and asking that the Court require the Judgment Debtor to show cause as to why sanctions should not be issued under Rule 37. *Id.* at 3.

In parallel, on May 12, 2025, the SIIs served subpoenas for documents directed to third parties HomeEnergy, Inc. and Magenta Irrevocable Business Trust (collectively, "third parties") via email on the Judgment Debtor's counsel, and on May 23, 2025, served the subpoenas on these third parties' agents, Thomas Enzendorfer and Laura Enzendorfer. [Dkt. 9 at 2]. These third parties neither responded to the subpoenas by the required deadline, nor responded to the SSIs' request to meet and confer. *Id.* On July 9, 2025, the SSIs filed the second of two motions seeking to compel the third parties to respond to the subpoenas, seeking a finding that all objections have been waived, and asking that the Court require these third parties to show cause as to why they should not be held in contempt under Rule 45(g). *Id.* at 3.

The substance of the two motions now before the Court are essentially the same.

On August 15, 2025, the Judgment Debtor filed a single consolidated opposition to both pending motions, arguing, among other things, that service of the discovery at issue was defective, that the SSIs are judicially estopped from obtaining the discovery at issue, and that the discovery sought is overly broad. [Dkt. 19]. The substance of the arguments opposing both motions are the same for both the Judgment Debtor and the third parties, and thus, the Court's analysis below applies both to Judgment Debtor and to the third parties (and references to the Judgment Debtor, in this context solely for these motions, also apply to the third parties and their subpoenas).

The Judgment Creditors did not file a reply brief in support of the instant discovery motions. Judgment Creditors filed a statement of recent decision on October 27, 2025. [Dkt. 20].

**LEGAL STANDARD**

Federal Rule of Civil Procedure 69 affords judgment creditors or their successors-in-interest the ability to obtain discovery as provided in Rule 26(b)(1) in aid of satisfaction of a judgment. Fed. R. Civ. P. 69(a)(2). Such postjudgment discovery may serve two purposes: (1) "to identify assets that can be used to satisfy a judgment;" and (2) "to discover concealed or fraudulently transferred assets." *Creagri, Inc. v. Pinnaclife Inc.*, No. 11-cv-06635-LHK (SVK), 2019 WL 13254068, at *1 (N.D. Cal. Mar. 14, 2019) (quoting *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219 JWRS, 2009 WL 5114077, at *1 (N.D. Cal. Dec. 18, 2009)). The Supreme Court has recognized that "[t]he rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Arg. v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). "[D]ue to Rule 69(a)(2)'s broad scope, a party is free to use any means of discovery allowable under the Federal Rules of Civil Procedure." *Creagri*, 2019 WL 13254068, at *1 (quoting *Ryan*, 2009 WL 5114077, at *1) (alteration omitted).

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). A district court may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c).

Federal Rule of Civil Procedure 26(b)(1) delineates the scope of discovery in federal civil actions and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information

need not be admissible to be discoverable. *Id.* Relevancy for purposes of discovery is broadly defined to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)); *see also In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-MD-2843 VC (JSC), 2021 WL 10282215, at *4 (N.D. Cal. Sept. 29, 2021) ("Courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial.") (alteration omitted).

While the scope of relevance is broad, discovery is not unlimited. *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."). Information, even if relevant, must be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). The 2015 amendments to Rule 26(b)(1) emphasize the need to impose reasonable limits on discovery through increased reliance on the commonsense concept of proportionality: "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. In evaluating the proportionality of a discovery request, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The party seeking discovery bears the burden of establishing that its request satisfies the relevancy requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The resisting party, in turn, has the burden to show that the discovery should not be allowed. *Id.* The resisting party must specifically explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or

4

speculative arguments. *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

With regard to proportionality, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. "A party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination. A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

Federal Rule of Civil Procedure 45 permits a party to serve a subpoena on a nonparty requiring, among other things, the production of "documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 41(a)(1)(A)(iii). The scope of discovery allowed under a Rule 45 subpoena is generally the same as the scope of discovery permitted under Rule 26(b). *In re Subpoena to Apple Inc.*, No. 5:14-cv-80139-LHK-PSG, 2014 WL 2798863, at *2 (N.D. Cal. June 19, 2014); *see* Fed. R. Civ. P. 45 advisory committee's note to 1970 amendment ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). However, Rule 45 specifies expressly that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1); *see also* Rule 45(d)(3)(A)(iv) ("On timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter, if no exception

or waiver applies; or (iv) subjects a person to undue burden.") (emphasis added).

A nonparty commanded to produce documents pursuant to a Rule 45 subpoena may challenge the subpoena in one of three ways: (1) by written objection; (2) by moving to quash or modify the subpoena; or (3) by moving for a protective order. *See* Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 45(d)(2)(B), (d)(3). If a nonparty responds to a Rule 45 subpoena with objections, the party who served the subpoena may move for an order compelling compliance. Fed. R. Civ. P. 45(d)(2)(B)(i). Subpoena-related motions under Rule 45 must be brought in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i), (d)(3)(A), (d)(3)(B), (e)(2)(B).

Written objections to a Rule 45 subpoena must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Failure to timely and properly object to the subpoena generally constitutes a waiver of all grounds for objection, including privilege. *See Pizzuto v. Tewalt*, 136 F.4th 855, 868 (9th Cir. 2025) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). However, in unusual circumstances and for good cause, the failure to timely object will not bar consideration of objections to a Rule 45 subpoena.

The party seeking to compel compliance with a subpoena bears the burden of establishing that its request seeks relevant information and thus falls within the appropriate scope of discovery. *iSabre GLBL, Inc. v. Kimpton Hotel & Rest. Grp., LLC*, No. 21-mc-80053-MMC (JSC), 2021 WL 1839689, at *2 (N.D. Cal. May 6, 2021) ("The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings."). The objecting party, in turn, has the burden of persuasion to show that the discovery should not be allowed. *Id.* ("Generally, the party moving to quash under Rule 45(d)(3) bears the burden of persuasion[.]"). "[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *ATS*, 309 F.R.D. at 531 (quoting *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006)).

As part of its inherent discretion and authority, the Court has broad discretion in

6

1  determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d
2  625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).  Similarly,
3  a district court's determination as to proportionality of discovery is within the district court's
4  discretion.  *See Jones v. Riot Hospitality Grp. LLC*, 95 F.4th 730, 737-38 (9th Cir. 2024) (finding
5  district court did not abuse discretion on proportionality ruling).  Ultimately, "the timing,
6  sequencing and proportionality of discovery is left to the discretion of the Court."  *Toro v. Centene*
7  *Corp.*, No. 19-cv-05163 LHK (NC), 2020 WL 6108643, at *1 (N.D. Cal. Oct. 14, 2020).

## DISCUSSION

The SIIs argue that the discovery requests and subpoenas at issue "are directed specifically towards the existence and location of the Judgment Debtor's assets, which is the explicit purpose of Rule 69 discovery."  [Dkt. 8 at 2].  Judgment Debtor asserts several (primarily procedural) arguments opposing the instant motions.

### I.  Service

First, Judgment Debtor argues that the Ninth Circuit "has made clear that all post-judgment proceedings seeking enforcement of judgment are 'Execution' proceedings and are governed exclusively by FRCP 69, and further provides that state law governs. . . . California has very specific rules on post-judgment collection discovery procedures."  [Dkt. 19 at 16].  On the basis that "California execution law applies to the entirety of these proceedings," Judgment Debtor argues that the discovery requests and subpoenas at issue were not properly served pursuant to California law.  *Id.*

Rule 69(a)(2) states that "the judgment creditor or a successor in interest . . . may obtain discovery from any person—including the judgment debtor *as provided in these rules or the procedure of the state where the court is located*."  Fed. R. Civ. P. 69(a)(2) (emphasis added). Judgment Debtor cites no case law *requiring* the exclusive application of state law for discovery proceedings under Rule 69(a).  None of the cases cited by Judgment Debtor deal with discovery in aid of the judgment or execution.  *See* Dkt. 19 at 16.

As noted above, the Supreme Court has recognized that "[t]he rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Arg.*, 573 U.S. at 138.

Rule 69(a)(2) states that, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in the rules or by the procedure of the state where the court is located." Indeed, as another California district court has explained,

> Subsections (1) and (2) [of Rule 69(a)] concern different aspects of post-judgment proceedings and specify different sources for the relevant procedural rules. . . . Rule 69(a)(1) and (a)(2) describe entirely separate aspects of the judgment enforcement process: the first relates to judgment execution procedure and supplemental proceedings thereto, while the other controls postjudgment discovery. . . . [U]nder Rule 69(a)(1), state law dictates the nature, type and extent of execution procedures available to a judgment creditor in seeking to satisfy a judgment. . . . In contrast, Rule 69(a)(2)'s federal or state law "option" relates only to postjudgment discovery. Under that provision of the rule, a judgment creditor has a choice of using either federal or state discovery methods. Federal courts have consistently interpreted Rule 69 in this manner.

*Iroquois Master Fund, Ltd. v. Global ePoint, Inc.*, No. CV 08-7761 UA (SSx), 2018 WL 6929337, at *4-5 (C.D. Cal. Jan. 9, 2018) (internal citations and quotation marks omitted).

Further, the Ninth Circuit has made clear that "state rules are to be applied in a common sense manner and those which make sense only where applied to state courts need not be imported into federal practice." *Carnes v. Zamani*, 488 F.3d 1057, 1060 (9th Cir. 2007) (quoting *Duchek v. Jacobi*, 646 F.2d 415, 418 (9th Cir. 1981)).

Because this Court has the discretion to apply federal or state discovery rules under these legal standards, here, where there are specific federal rules on service of discovery requests and subpoenas, there is no "common sense" reason to apply California state court rules on service of process. Accordingly, Judgment Debtor's arguments that the discovery requests and subpoenas were not properly served pursuant to California law are based on a legally erroneous premise and are thus unavailing.

Federal Rule of Civil Procedure 4(h)(1)(B) provides for service to an officer or managing or general agent of an entity. The SIIs served the discovery requests at issue on the agent of Judgment Debtor, Thomas Enzendorfer. [Dkt. 8 at 2]. The SIIs served the subpoenas at issue on the agents of the third parties, Thomas Enzendorfer and Laura Enzendorfer. [Dkt. 9 at 2]. The Judgment Debtor and third parties do not argue that service was ineffective under Rule 4. Accordingly, the SIIs properly served the discovery requests and subpoenas under the Federal

Rules. The alleged failure to properly serve is not an excuse for failing to respond to the discovery requests entirely, nor is it a persuasive basis on which to deny the motions. Accordingly, these objections to the discovery requests are overruled.

## II. Civil Local Rule 37-2

Judgment Debtor next argues that the motions to compel here do not comply with Civil Local Rule 37-2 because the motions fail to specify why the SIIs are entitled to relief as to "each request" at issue. [Dkt. 19 at 19]. First, putting aside Judgment Debtor's inconsistency in asserting an argument based on this Court's own local rules when the Judgment Debtor just finished arguing that California law must apply to the "entirety" of these proceedings, this argument is not persuasive. Here, Judgment Debtor has admittedly failed to provide *any* written responses to any of the discovery requests at issue, and the third parties have failed to respond to the subpoenas at issue. The SIIs arguments therefore apply with equal force to all of those requests and subpoenas and, as a matter of procedure, in these circumstances comply with Local Rule 37-2 because the arguments presented by definition apply to "each request" at issue. Judgment Debtor's interpretation of Local Rule 37-2 does not comport with the requirement that the Civil Local Rules "shall be construed so as to be consistent with the Federal Rules and to promote the just, efficient, speedy, and economical determination of every action and proceeding." Civil L.R. 1-2(b). Judgment Debtor's argument based on Local Rule 37-2 is unpersuasive given the context and record of the dispute presented here.

## III. Alleged Harassment

Judgment Debtor's next argument asserts that the discovery sought here is part of a pattern or practice of harassment by seeking allegedly duplicative discovery which was already sought and provided in prior or concurrently pending actions. *Id.* at 18-19. Whether the discovery is duplicative or harassing is not squarely presented to the Court on the current record. Because Judgment Debtor and the third parties have failed to even respond to the discovery requests, they have failed to serve objections on the grounds that the discovery has already been provided or is duplicative, they have failed to meet and confer with the SIIs on any such objections, and they have failed to properly attempt to negotiate the scope of any of the current discovery requests

9

1  (including not having yet followed this Court's mandatory discovery dispute resolution
2  procedures).  If, as Judgment Debtor contends, the discovery requests here are duplicative or
3  identical to those previously responded to, then there is minimal burden in responding to them
4  here by attempting to reach a common sense agreement with the SIIs that deems those previous
5  discovery responses as applying to this action.  It is not uncommon for litigants to be engaged in
6  multiple parallel proceedings, and the Court expects counsel to work out collaborative approaches
7  to coordinating discovery which is allegedly duplicative.  Judgment Debtor's approach of simply
8  refusing to respond to the discovery requests or subpoenas based on a claim of harassment or
9  duplication is insufficient.  The Court notes that merely arguing that discovery requests are a form
10 of harassment because they are duplicative of other concurrent or prior actions is not a proper
11 grounds under the Federal Rules for refusing to serve responses at all to the discovery requests.
12 Judgment Debtor's and the third parties' arguments and objections to the discovery requests on
13 these grounds are thus unavailing.

### IV.     Judicial Estoppel

Judgment Debtor next asserts that the motions here should be denied because of the doctrine of judicial estoppel.  *Id.* at 20-22.  Judgment Debtor argues that, in obtaining the default judgment underlying this action, the Judgment Creditors made certain statements concerning the assets of Judgment Debtor and the relationship of Judgment Debtor with certain third parties (such as those who received the subpoenas here).  *Id.*  Judgment Debtor argues that the Judgment Creditors allegedly disclaimed seeking a judgment against one of the third parties here in order to obtain the default judgment and to avoid a stay of a prior action.  *Id.*

The flaw in Judgment Debtor's argument is, again, that nothing in the Federal Rules permits a party or subpoenaed party to refuse wholesale to respond to discovery requests simply because that party believes the propounding party should be judicially estopped from seeking the discovery.  Again, had Judgment Debtor and third parties served responses and objections to these discovery requests asserting this theory of judicial estoppel barring discovery (which is, in this Court's experience, novel and not supported by caselaw citations), and had the Parties followed this Court's discovery dispute resolution procedures applicable to this case, then the Court might

be in a position to view the objection with less skepticism. However, that is not the situation. Again, the Court notes that arguing that discovery requests are barred by judicial estoppel may or may not be a basis to object to those requests, but such a theory (if asserted) should have been set forth in properly served objections so that the Parties could then attempt to resolve the merits of any such properly presented dispute. Further, a simple review of the Federal Rules of Civil Procedure indicates that "judicial estoppel" is not a proper legal grounds for refusing to serve any responses at all to the discovery requests and not a recognized objection on the merits. Judgment Debtor's and third parties' arguments as to judicial estoppel are thus unavailing.

### V.     "De Facto" Stay in Co-Pending Action

Judgment Debtor's next argument is that the discovery sought here is an attempt to avoid a "de facto" stay in an allegedly related action. *Id.* at 22. Specifically, Judgment Debtor argues that Judge Gilliam, presiding over *Solid Income Ltd. v. American HomeEnergy LLC*, No. 24-cv-09424-HSG (N.D. Cal.), vacated the case management conference and case management order setting a discovery schedule in that case while decision on a motion to dismiss in that action remained pending. *Id.* at 18, 22.

First, Judge Gilliam issued an order denying Judgment Debtor's motion to have this case related to his case, and thus, Judgment Debtor's reference to that action is misplaced. More fundamentally, the entire premise of this argument is lacking now. While the instant discovery motions have been pending before the undersigned, Judge Gilliam denied the motions to dismiss in that other action, and on September 23, 2025, held the case management conference. *See Solid Income*, No. 4:24-cv-09424-HSG, ECF Nos. 43, 49. Discovery is ongoing in that other action, with a cutoff date of February 20, 2026. There is no "de facto" stay of that other action. Accordingly, Judgment Debtor's and the third parties' arguments that the instant motions and discovery are improper on that basis are unfounded and moot.

### VI.    Objections as to Relevance and Proportionality

Judgment Debtor and the third parties next assert numerous grounds on which the discovery requests at issue are allegedly outside the permissible scope of relevance for discovery and are not proportional. [Dkt. 19 at 24-28]. As with the arguments asserted above, the

11

fundamental flaw in Judgment Debtor's arguments is that Judgment Debtor and the third parties have not served responses to these discovery requests or subpoenas at all. Asserting these relevance, scope, and proportionality objections as to discovery requests for the first time in opposition to the instant motions is, as discussed below, untimely. Judgment Debtor and the third parties should have served responses and objections to these discovery requests, asserting whatever good faith, reasonable objections Judgment Debtor and the third parties chose to assert. And, the Parties would have been expected to comply with the discovery dispute resolution procedures applicable to this case (set forth in Section H of this Court's Standing Order for Discovery) to attempt to resolve any disputes over these discovery requests and objections. None of that has happened. Again, the Court notes that arguing now that discovery requests are overbroad and disproportionate is not a proper grounds for refusing to serve any responses at all to the discovery requests in the first instance. Judgment Debtor's and the third parties' arguments asserting these relevance and proportionality objections are thus unavailing with regard to the instant motions.

### VII. Waiver of Objections

As noted, Judgment Creditors seek an order finding that Judgment Debtor has waived all objections to the discovery requests based on Judgment Debtor's failure to timely respond, as well as an order finding that the third parties have waived all objections to the document subpoenas for failure to timely respond.

Rule 33 requires a party to serve its answers and any objections to interrogatories within thirty days after being served with the interrogatories. Fed. R. Civ. P. 33(b)(2). Similarly, Rule 34 requires a party served with document requests to respond in writing within thirty days after being served. Fed. R. Civ. P. 34(b)(2)(A). And, as noted above, Rule 45 requires that objections be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B).

It is clear from the record that neither Judgment Debtor nor the third parties have served any responses to the discovery requests and subpoenas at issue. And, as discussed above, the discovery at issue was properly served in May 2025. Accordingly, the responses to the discovery

requests and subpoenas are long overdue.

"While a nonparty's failure to timely make objections to a Rule 45 subpoena generally requires the court to find that any objections have been waived, in unusual circumstances and for good cause, the failure to act timely will not bar consideration of objections to a Rule 45 subpoena." *Acer Inc. v. Tech. Props. Ltd.*, No. C08-00877 JF (HRL), 2010 WL 4807101, at *3 (N.D. Cal. Nov. 19, 2010) (quoting *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005)) (cleaned up). Further, "[c]ourts have found unusual circumstances where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." *In re Subpoena to Produce Documents of Clapp, Moroney, Ballagamba, Vucinich, Beeman & Scheley*, No. 14-mc-80191-RS (JSC), 2014 WL 3784112, at *3 (N.D. Cal. July 31, 2014) (finding failure to serve objections "may be excused under either the second or third grounds") (citations omitted).

In the briefing, as noted, Judgment Debtor asserts several objections that the discovery requests are overbroad and not proportional.

First, Judgment Debtor relies on a California Court of Appeals decision for the argument that the subpoenas to the third parties are overbroad to the extent they seek documents on the assets of those third parties, as opposed to documents on the assets of Judgment Debtor. [Dkt. 19 at 24-25 (citing *Fin. Holding Co. v. The Am. Inst. of Certified Tax Coaches, Inc.*, 29 Cal. App. 5th 663, 682 (2018))]. As discussed above, Rule 69 authorizes the Court to permit the party seeking discovery to pursue discovery under either the federal rules or state law. Here, the state court appellate decision cited by Judgment Debtor is based on a specific California statute governing third party discovery under California's statutory scheme and Judgment Debtor provides no common sense reason to import that statutory scheme into discovery under Rule 69.

Further, to the extent that Judgment Debtor argues that non-binding precedent from federal courts requires the same result, those arguments are not well-supported. The Second Circuit case cited by Judgment Debtor followed New York state discovery law. [Dkt. 19 at 24-25 (citing

*Dulce v. Dulce*, 233 F.3d 143 (2d Cir. 2000)]. In *Dulce*, there was no dispute or discussion limiting the scope of discovery to only the assets of the judgment debtor. Rather, the Second Circuit indicated that discovery could extend beyond merely the assets of the judgment debtor to include information on the identity of persons who notified the personal representative of the deceased judgment debtor as to the death of the judgment debtor and the persons who provided the deceased's will to that personal representative—topics relevant to that third party but clearly beyond just the assets of the judgment debtor. *Dulce*, 233 F.3d at 147.

Judgment Debtor's attempts to distinguish other case law is equally unavailing. *See Ryan*, 2009 WL 5114077, at *3 (recognizing that discovery that goes beyond the assets of the judgment debtor "may be permitted where the relationship between judgment debtor and nonparty is sufficient to raise a reasonable doubt about the 'bond fides of the transfer of assets'"). Accordingly, this objection is overruled.

On behalf of the third parties, Judgment Debtor repeats objections discussed above with regard to a subset of certain discovery requests in the subpoenas. As to Requests for Production Nos. 1 and 2 in the subpoenas, Judgment Debtor repeats the argument discussed immediately above based on the *Ryan* decision to argue that discovery should be limited solely to the assets of the Judgment Debtor. [Dkt. 19 at 25]. As noted above, the *Ryan* case does not so hold, but instead recognizes that discovery may proceed beyond that scope where appropriate. Accordingly, for the same reasons discussed above, that objection is overruled.

As to Request for Production No. 4, Judgment Debtor repeats the judicial estoppel argument discussed above. *Id.* at 26. For the same reasons, the objection here is overruled.

In the briefing, Judgment Debtor simply recites Request for Production No. 7, but sets forth no other text or argument (and thus no objection) to that request. *Id.* Accordingly, no objection is made as to that request.

As to Interrogatory No. 4, Judgment Debtor argues that the subject matter is directed to "evidence for fraudulent transfer claims" which allegedly require a "new proceeding" and further relate to the case pending before Judge Gilliam. *Id.* These are not proper objections. As noted above, *Ryan* explicitly held that discovery may be allowed where there is reasonable doubt about

the *bona fides* of a transfer of assets. And, as discussed above, merely because there are other actions pending between these Parties does not bar discovery in this action. These objections are overruled.

As to Interrogatory No. 1, as with Request for Production No. 7 above, Judgment Debtor's brief simply recites the request's text but sets forth no other text or argument (and thus no objection) to that interrogatory. [Dkt. 19 at 26]. Accordingly, no objection is made as to that interrogatory.

As to Interrogatory No. 3, Judgment Debtor repeats the argument based on California law and the *Finance Holding* case discussed above. *Id.* For the same reasons discussed above, this objection is overruled. Further, Judgment Debtor argues that this interrogatory is somehow repetitive of discovery pending before Judge Kim in another co-pending matter. First, as noted, simply because parties have multiple, co-pending actions is not alone a basis to bar discovery in one action because it is allegedly the same as discovery requests in another action. Second, if (as asserted) this interrogatory is identical to an interrogatory in the co-pending action, there appears to be virtually no burden to Judgment Debtor to respond since it should merely require copying and pasting the same response here for purposes of this action, assuming that other response was a good faith, substantive response as required under the Federal Rules.

Judgment Debtor makes an overarching objection that these requests in the subpoenas are not proportional for purposes of discovery because these seek five years' worth of financial records from the third parties. *Id.* at 27. The third parties and Judgment Debtor provide no declarations to support the claim of disproportionality or burden. Further, this Court is cognizant of the Supreme Court's guidance that "the rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Arg.*, 573 U.S. at 138. This objection is overruled.

Accordingly, the Court finds that the first factor (whether the subpoenas or discovery requests are overbroad and exceed the bounds of fair discovery) has not been shown here to support a finding that there are unusual circumstances excusing the third parties' failure to timely respond to the subpoenas.

With regard to the second and third factors to determine if there are unusual circumstances,

15

the Judgment Creditors indicated that in July 2025 they attempted to communicate with counsel representing Judgment Debtor in another action and the third parties' agent, Mr. Enzendorfer, regarding these subpoenas and to request a meet and confer, but received no responses. [Dkt. 9 at 2]. The failure to communicate is not indicative of a party or third party acting in good faith. *See In re Subpoena to Clapp,* 2014 WL 3784112, at *3 ("Courts have found unusual circumstances where . . . (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena."). Accordingly, the second and third factors have not been shown here to support a finding that there are unusual circumstances excusing the failure to timely respond (or to respond at all) to the subpoenas. *See Acer*, 2010 WL 4807101, at *3 ("While 'a nonparty's failure to timely make objections to a Rule 45 subpoena generally requires the court to find that any objections have been waived, . . . '[i]n unusual circumstances and for good cause, . . . the failure to act timely will not bar consideration of objections [to a Rule 45 subpoena].'").

For all of these reasons, the Court concludes that the third parties have waived their objections to the subpoenas. Further, on the merits of the asserted objections, for all of the reasons discussed herein, the objections are not well-taken, not persuasive, and are overruled.

On its own behalf, Judgment Debtor asserts some specific objections to a subset of discovery requests served on Judgment Debtor. Judgment Debtor, as a party, is in a somewhat different position than the third parties discussed above. Under Ninth Circuit law, where a party to a matter fails to raise objections to discovery timely, the waiver of objections by that party (as opposed to a third party) can be found based on the sequence of timing—Rules 33 and 34 "provide that discovery requests must be responded to within 30 (or in some cases 45) days. It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981)).

Even applying the *Clapp* factors here does not demonstrate unusual circumstances which would excuse Judgment Debtor's failure to respond at all. First, Judgment Debtor repeats the

16

same objection discussed above based on the alleged "de facto" stay of the case pending before Judge Gilliam, repeating the same argument that the discovery is duplicative of discovery from co-pending actions. [Dkt. 19 at 27]. For the reasons discussed above, those objections are overruled.

Second, as to Request for Production No. 7/Interrogatory No. 4 and Interrogatory No. 3/Request for Production No. 4, Judgment Debtor asserts the same objection discussed above that these are directed to the merits of the case pending before Judge Gilliam and are not directed to executing on the judgment. *Id.* For the same reasons discussed above, this objection is overruled.

As to Requests for Production Nos. 1-2/Interrogatory No. 1, Judgment Debtor argues that these are not proportional because they cover seven years of information. *Id.* at 28. The Judgment Debtor provides no declarations to support the claim of disproportionality or burden. Further, as discussed above, "the rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Arg.*, 573 U.S. at 138. This objection is overruled.

Judgment Debtor further repeats the objection discussed above that this discovery is part of a "pattern" of "discovery harassment." [Dkt. 19 at 28]. For the same reasons discussed above, this objection is overruled.

Finally, Judgment Debtor repeats in bullet points its objection that the discovery is not proportional under Rule 26(b)(1), including repeating arguments that the seven-year period is not proportional. *Id.* For the reasons discussed above, this objection is overruled. There is no showing that the seven-year period is disproportionate, where the objection here is merely conclusory.

The objection that the Judgment Creditors "already have thousands of pages" is a variation on, and thus repeats, the "duplicative" objection discussed above, and for the same reasons, is overruled. As noted above, if Judgment Debtor has already produced documents responsive to these requests, then there is virtually no burden in either pointing Judgment Creditors to those same documents or reaching a reasonable agreement that they are deemed re-produced here.

The objection that there is "[n]o showing of need for information beyond current collectible assets" incorrectly assumes that the scope of discovery is somehow only limited to "current collectible assets." As discussed above, case law such as *Ryan* recognizes that the scope

of discovery properly may extend beyond just a judgment debtor's assets.

Finally, the bullet point objection that there is a "[b]urden on single-attorney firm facing identical discovery in multiple forums" is essentially a variation on the argument that the discovery sought here is duplicative of discovery sought in co-pending actions, discussed and rejected above. As discussed above, if documents and information have been produced by Judgment Debtor in response to other previous discovery that is truly duplicative or identical, a reasonable agreement should be able to be reached under which that previously produced discovery would simply be deemed re-produced for purposes of this action, thus mitigating any alleged burden. Further, the argument that Judgment Debtor is represented by a single lawyer is not a recognized objection to discovery under the Federal Rules and counsel is reminded of their obligations to allocate sufficient professional resources to representation of their clients, including associating with additional counsel when appropriate. *See* California Rules of Professional Conduct, Rules 1.1(c) and 1.3(b).

With regard to the second and third factors to determine if there are unusual circumstances, the Judgment Creditors indicated that in July 2025 they attempted to communicate with counsel representing Judgment Debtor in another action and Judgment Debtor's agent, Mr. Enzendorfer, regarding these discovery requests and to request a meet and confer regarding the failure to respond, but received no responses. [Dkt. 8 at 2]. The failure to communicate at all is not indicative of a party acting in good faith. *In re Subpoena to Clapp,* 2014 WL 3784112, at *3 ("Courts have found unusual circumstances where . . . (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena."). Accordingly, the second and third factors have not been shown here to support a finding that there are unusual circumstances excusing the failure to timely respond (or to respond at all) to the discovery requests. *See Acer*, 2010 WL 4807101, at *3 ("While 'a nonparty's failure to timely make objections to a Rule 45 subpoena generally requires the court to find that any objections have been waived, . . . '[i]n unusual circumstances and for good cause, . . . the failure to act timely will not bar consideration of objections [to a Rule 45 subpoena].'").

For all of these reasons, the Court concludes that the Judgment Debtor has waived objections to the discovery requests at issue. Further, on the merits of the asserted objections, for all of the reasons discussed herein, the objections are not well-taken, not persuasive, and are overruled.

## CONCLUSION

For all the reasons discussed herein, the Court **ORDERS** Judgment Debtor and the third parties to serve on the SIIs complete and substantive written responses to all of the discovery requests and the subpoenas at issue by no later than **NOVEMBER 17, 2025.** Further, for all of the reasons discussed herein, the Court finds that the Judgment Debtor and the third parties have waived their asserted objections to the discovery requests and subpoenas, and that there are no unusual circumstances or showing of good cause to excuse the failures to respond.

The Court **ORDERS** Judgment Debtor and the third parties to begin their respective document productions responsive to the discovery requests and subpoenas promptly and to start producing documents on a rolling basis starting no later than **NOVEMBER 17, 2025** and to continue productions on at least a weekly basis until completed. The document productions **SHALL** be substantially completed by **DECEMBER 19, 2025**. Nothing in this Order prohibits the Parties from reaching reasonable agreement on altering the deadlines set herein.

The Court **DENIES WITHOUT PREJUDICE** the SSIs' request for the Court to issue an order to show cause to Judgment Debtor relating to discovery sanctions, as premature. The Court similarly **DENIES WITHOUT PREJUDICE** the SSIs' request for the Court to find the third parties in contempt, as premature. The Court **ORDERS** all Parties to fully comply with the Court's Standing Order for Discovery and cautions the Parties that failure to abide by that Standing Order or this Order will be taken into account in any subsequent discovery motion properly presented to the Court.

The Parties **SHALL** file a joint status report on the discovery at issue and compliance with this Order and the Court's Standing Order on Discovery on **DECEMBER 5, 2025**.

This Order **RESOLVES** Dkts. 8 and 9.

**IT IS SO ORDERED.**

Dated:  November 5, 2025

_____
PETER H. KANG
United States Magistrate Judge